UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JAMES LA SCALIA, JR., &
JOANNE LA SCALIA,

                              Plaintiffs,

    -against-

TIMOTHY S. DRISCOLL,

                              Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-5007 (SLT)(CLP)

**TOWNES, United States District Judge:**

On October 29, 2010, plaintiffs James La Scalia, Jr., and Joanne La Scalia filed this action pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that defendant Timothy S. Driscoll, a judge who presided over a state court action involving plaintiffs, violated their federal constitutional rights. In their complaint, plaintiffs listed their address as a post office box in West Babylon, New York.

On November 19, 2010, Assistant Attorney General Michael J. Siudzinski wrote this Court a letter on behalf of defendant, pursuant to section II.A of the Individual Motion Practices and Rules of Judge Sandra L. Townes (available at http://www.nyed.uscourts.gov/pub/rules/SLT-MLR.pdf), requesting a pre-motion conference in anticipation of bringing a motion to dismiss this action on the grounds of judicial immunity. According to a notation at the bottom of the second page of that letter, a copy was sent to plaintiff at the address listed in their complaint. Plaintiffs did not oppose this request and on December 14, 2010, this Court issued an order granting plaintiff permission to move to dismiss.

On December 8, 2010, Mr. Siudzinski filed a Notice of Appearance, in which he indicated that he would be representing defendant in this action. That Notice of Appearance also

stated: "This appearance is without prejudice to challenge personal or subject matter jurisdiction in this action or to assert any and all other applicable defenses." According to a notation at the bottom of that Notice of Appearance, that notice was sent to plaintiffs at their West Babylon post office box.

On December 16, 2010, defendants requested a two-week extension of the briefing schedule for the motion to dismiss. Again, a copy of this correspondence was sent to plaintiffs at their post office box. This Court, having received no objection from plaintiffs, granted that request on December 21, 2010. As per this Court's practice, a copy of this order was mailed to the plaintiffs at the address they had supplied to the Court.

On January 28, 2011, this Court received via overnight mail a seven-page document entitled "Notice to Court." This document purports to list "[m]ajor and immediate issues related to continuance" of this action, Notice to Court, p. 1., and contains approximately one dozen paragraphs, eleven of which are prefaced by a boldfaced caption. For ease of reference, this Court assumes that each of these captions is intended to introduce a separate issue.

The first issue raised by plaintiffs (under the heading "Demand to court") is that no answer has yet been filed by defendant. While this is true, defendant is incorrect in alleging that an answer is "required by law." Rule 12(a)(4) provides that if a defendant elects to move to dismiss the complaint pursuant to Rule 12, the defendant's responsive pleading is not due until "14 days after notice of the court's action" denying that motion.

The second issue is contained in a paragraph which reads:

> **Request to court:** Consideration by Court for Pre-Motion Conference. This is a formal request by the Plaintiffs to be heard by the court, in the interest of justice."

Notice to Court, p. 1. This Court is uncertain precisely what plaintiffs are requesting. However,

2

to the extent that they are seeking the opportunity to be heard with respect to defendant's pre-motion conference request, that request is denied. The sole purpose of a pre-motion conference is to permit this Court to weed out clearly meritless arguments and, thereby, to expedite this litigation and to reduce costs to the parties and the Court. The arguments proposed by defendant are not clearly meritless. Accordingly, it would be futile to hold a pre-motion conference with respect to defendant's proposed motion to dismiss. Plaintiffs will still have an opportunity to oppose that motion.

The third, fourth, and fifth issues raised by plaintiffs appear related. Plaintiffs allege that they have not been receiving their mail owing to "a disruption and manipulation of mail service" by postal employees. Notice to Court, p. 2. Plaintiffs assert that a "Federal Investigation . . . into the specifics of this purported mail fraud" is "currently being conducted" by postal authorities, and that they have not received any mail relating to this case. *Id.* Plaintiffs assert that opposing counsel is "well aware that receipt of mail has not been verified by their office," and that all correspondence between defendant's counsel and this Court was effectively *ex parte*. *Id.* at pp. 1-2.

While this Court appreciates that plaintiffs' postal problems are beyond plaintiffs' control, it is nonetheless the responsibility of each litigant to provide an address to which correspondence and papers may be mailed. Plaintiffs chose to provide the post office box in question as their address, and the docket sheet indicates that both this Court and defendant's counsel have heretofore been mailing copies of orders and other correspondence to plaintiffs at that address. Accordingly, none of the correspondence between defendant's counsel and this Court has been *ex parte*. Moreover, since there is no indication that return receipts were

3

requested in connection with any of this correspondence, there is no basis for believing that defendant's counsel would be aware of any difficulties involving plaintiffs' post office box address before receiving a copy of plaintiffs' Notice to Court.[1]

The sixth, ninth, and tenth issues raised by plaintiffs relate to the manner in which defendant's counsel refers to the defendant. Plaintiffs theorize that defendant's counsel is referring to his client's title in order to prejudice this Court, remind this Court that defendant "is first a person and then a member of the profession," and note that "neutrality of the court is absolutely necessary if justice is to be served."

Although this Court does not perceive defendant's counsel's actions as an effort to prejudice this Court, it nonetheless concurs that this case is properly captioned, "La Scalia v. Driscoll," and directs all parties to use that caption. This Court assures plaintiffs that it is entirely impartial, and will not be influenced by defendant's position. Moreover, this Court recognizes that it must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006). However, this "special solicitude" does not enable this Court to disregard well-established legal doctrines.

The seventh and eighth issues raised by plaintiffs both reflect a misapprehension of the nature of a "Notice of Appearance." Plaintiffs appear to assume that this document implies that defendant's counsel physically appeared before this Court, and they challenge the "lawfulness" of this appearance. In addition, plaintiffs suggest that the portion of the Notice of Appearance which

---

[1] Although plaintiffs allude to an "attached letter," Notice to Court, p. 2, no such letter was attached to the Notice to Court. Accordingly, this Court has directed the Clerk of Court to use the addresses that appear on page 6 of the Notice to Court.

states that counsel's appearance is "without prejudice to challenge personal or subject matter jurisdiction in this action or to assert any and all other applicable defenses" is "highly prejudicial." Notice to Court, p. 4.

A "Notice of Appearance" is simply a form by which an attorney notifies the Court that it will be representing a particular party. Although attorneys occasionally file the "Notice of Appearance" at the first court appearance, the notice in this case was electronically filed with the Court. Mr. Siudzinski has never physically appeared in court in connection with this action.

The language to which plaintiffs object was included by counsel solely to preserve defendant's right to interpose jurisdictional defenses. Certain jurisdictional defenses may be waived if a party has already submitted to the Court's jurisdiction. Through use of this language, defendant's counsel is expressly stating that defendant is not waiving these defenses.

The final issue raised by plaintiff – that "Defendant . . . is using his supervisory control and influence over the Nassau County Police and Sheriff's Dept. [to] interfere with the Plaintiffs' abilities to effectuate and litigate" this action – suggests that plaintiffs may be seeking to assert a claim for retaliation. If plaintiffs are seeking to raise such a claim, they must amend their complaint to include it. To the extent that plaintiffs need any procedural advice regarding how to amend their pleadings, they may contact the Pro Se Office at this courthouse or call that office at (718) 613-2165.

**SO ORDERED.**

/ SANDRA L. TOWNES
United States District Judge

Dated: February /4, 2011
Brooklyn, New York

5