FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 2 2 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAMES LA SCALIA, JR., &
JOANNE LA SCALIA,

                                Plaintiffs,

-against-

TIMOTHY S. DRISCOLL,

                                Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-5007 (SLT)(CLP)

**TOWNES, United States District Judge:**

       Since issuing its Memorandum and Order dated February 14, 2011 (the "Prior Order"), this Court has received four additional submissions from plaintiffs James La Scalia, Jr. ("Mr. La Scalia") and/or Joanne La Scalia ("Ms. La Scalia"). First, this Court has received a five-page letter from both plaintiffs dated February 10, 2011, along with affidavits and exhibits attached thereto (the "First Letter"). Second, this Court has received a four-page handwritten letter from Mr. La Scalia, dated February 14, 2011, with two attachments (the "Second Letter"). Third, this Court has received a one-page handwritten letter from Mr. La Scalia, dated February 14, 2011 (the "Third Letter"), in which he requests a conference. Finally, this Court has received a two-page handwritten letter from Mr. Scalia dated February 15, 2011 (the "Fourth Letter"), seeking "recusal and removal of both the sitting judge and the court of jurisdiction." Fourth Letter, p. 2. This Memorandum and Order addresses these four submissions.

       The First Letter states, among other things, that plaintiffs have not yet received any motions papers from defendant's counsel, and implies that this may be due to "disruption of all mail" to their post office box. First Letter, p. 2. Plaintiffs also request an adjournment, so that they can "come up to speed with what has happened up until this point" and prepare motion papers. *Id.* In addition, plaintiffs request that this Court recuse itself and transfer the action to

another district – preferably, the United States District Court for the Southern District of New York – principally alleging that the "Notice of Appearance" filed by defendant's counsel on December 8, 2010, establishes that defendant's counsel physically appeared before the Court *ex parte*. The Fourth Letter also appears to seek recusal, implying that clerical errors with respect to plaintiffs' names and addresses suggest a deliberate obstruction of justice.

In its Prior Order, this Court explained that the Notice of Appearance does not connote a physical appearance, that none of the correspondence has been *ex parte*, and that this Court is entirely impartial. Any clerical errors were committed by employees in the Clerk's Office and not by anyone in chambers. Accordingly, plaintiffs' request that this Court recuse itself and transfer this case to another district is denied. However, since it appears that plaintiffs may not have received a copy of defendant's motion to dismiss because of problems with their post office box, this Court will order that copies of the motion be mailed to plaintiffs at their new addresses and will extend plaintiffs' time to respond to this motion.

The Second Letter lists various problems with the docket sheet and documents generated by the Clerk's Office. Plaintiffs note, among other things, that their names and Ms. La Scalia's address have been entered incorrectly and that their "Notice to Court," dated January 21, 2011, was incorrectly labeled on the docket sheet and improperly scanned.

With respect to the issue regarding plaintiffs' names and addresses, this Court notes that the docket sheet now reflects Ms. La Scalia's correct address and that the instances in which the Clerk's Office employees misspelled plaintiffs' name pre-dated this Court's Prior Order, directing that this case be referred to as "La Scalia v. Driscoll."[1] However, this Court is troubled

---

[1] Cases are customarily identified using the last names of the first named plaintiff and defendant, without any suffixes.

2

by the manner in which plaintiffs' January 21, 2011, submission was characterized and docketed. Accordingly, this Court will direct that Docket Entry # 8 – incorrecly characterizing plaintiffs' "Notice to Court" as a "Motion for a pre motion conference" – be corrected and that the "Notice to Court" be re-scanned.

With respect to the Third Letter, this Court declines to conduct a conference at this juncture. Initial conferences are generally conducted by the Magistrate Judge assigned to the case, not the District Judge, for the purpose of scheduling discovery. However, because defendants are moving to dismiss this action, there is no need to conduct an initial conference until that motion is adjudicated.

This Court understands that plaintiffs have "tremendous reservations" and a lack of confidence in the justice system. *See* First Letter, p. 2. This Court also appreciates that plaintiffs are *pro se* litigants, and are unfamiliar with the procedures of this Court. However, this Court suggests to plaintiffs that they now need to focus their energy on responding to defendant's motion to dismiss and other substantive matters in this case, rather than on correspondence with the Court. If plaintiffs have procedural questions regarding how to respond to defendant's motion, plaintiffs may contact the Pro Se Office at this courthouse or call that office at (718) 613-2165.

## *CONCLUSION AND ORDER*

For the reasons set forth above, it is hereby **ORDERED**

1. That on or before February 22, 2011, defendant's counsel shall mail to each plaintiff – via overnight mail or registered mail, return receipt requested – a copy of defendant's motion to dismiss the complaint in this action, together with any notices to *pro se* litigants as may be required by the Local Civil Rules;

3

2. That defendants shall file a copy of the signed return receipts or other documents indicating when each plaintiff received the motion papers;

3. That plaintiffs shall have thirty (30) days from their receipt of the motion papers in which to mail – via overnight mail or registered mail, return receipt requested – their response(s) to the motion to defendant's counsel and in which to mail a copy of the response(s) to the Court;

4. That defendant shall have fifteen days from receipt of plaintiffs' response(s) to the motion to dismiss in which to mail – via overnight mail or registered mail, return receipt requested – a copy their reply papers to each plaintiff and in which to mail a copy of the reply to the Court; and

5. That the Clerk of Court is directed (i) to amend Docket Entry # 8, which currently states that plaintiffs filed a "Motion for a pre motion conference," to indicate that plaintiffs filed a "Notice to Court dated Jan. 21, 2011," and (ii) to re-scan that "Notice to Court" so that each page is complete and legible.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: February 18, 2011
Brooklyn, New York