FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 15 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JAMES LA SCALIA, JR., &
JOANNE LA SCALIA,

                Plaintiffs,

-against-

TIMOTHY S. DRISCOLL,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-5007 (SLT)(CLP)

**TOWNES, United States District Judge:**

      On October 29, 2010, plaintiffs James La Scalia, Jr., and Joanne La Scalia (collectively, "Plaintiffs") commenced this action pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that defendant Timothy S. Driscoll, a judge who presided over a state court action involving Plaintiffs, violated their federal constitutional rights. On December 8, 2010, this Court granted defendant's request for permission to move to dismiss this action and set a briefing schedule. Seven months have passed since then, but Plaintiffs have yet to respond to the motion to dismiss.

      In a Memorandum and Order dated April 29, 2011, and filed May 2, 2011 (the "May 2 M&O"), this Court recounted at length events which had delayed the briefing. This Court noted, *inter alia*, that mail sent to the two addresses which Plaintiffs had provided to the Court was repeatedly returned to sender and that Plaintiffs had refused to accept a copy of defendant's motion papers sent by defendant via UPS, a private overnight shipping company. Noting that another copy of the motion papers had been left at the Massapequa Park address provided by Ms. La Scalia, this Court concluded that "defendant's counsel's efforts to serve Plaintiffs with the motion papers [had] been adequate," and set a final deadline of May 30, 2011, for Plaintiffs' response(s) to defendant's motion. May 2 M&O at 5.

This Court took special precautions to ensure that the *pro se* Plaintiffs had access to defendant's motion papers. The Court directed that defendant's counsel file the papers on the Court's electronic case filing system ("ECF" or "PACER") so that electronic copies of the papers could be accessed at the Clerk's Office of both the Central Islip and Brooklyn courthouses. The Court also directed defendant's counsel to make a copy of the defendant's motion papers available at the New York State Attorney General's Office in Suffolk County. In addition, the Court took the extraordinary step of mailing a copy of the May 2 M&O to Ms. La Scalia via Fed Ex; calling the Nassau County Jail (where Mr. La Scalia was then incarcerated) to obtain Mr. La Scalia's then-current mailing address; and sending a copy of the May 2 M&O to Mr. La Scalia at the Nassau County Jail.

On May 31, 2011, Mr. La Scalia telephoned chambers to inform the Court that he had been unable to file anything on May 30, 2011, because the Court was closed for Memorial Day. *See* Letter to Hon. Sandra L. Townes from James La Scalia, Jr., dated May 30, 2011, at 4. Over the next two days, Mr. La Scalia filed several submissions with the Court, including a five-page letter dated May 30, 2011; a four-page addendum to that letter; a 14-page "Affidavit and Notice to Court," sworn by James La Scalia, Jr., on May 31, 2011; and approximately 441 pages of exhibits. In addition, on June 3, 2011, Plaintiffs submitted an "Application for the Court to Request Counsel."[1] However, none of these submissions purported to be a response to defendant's motion to dismiss.

---

[1] That application was denied in any order issued by Magistrate Judge Cheryl Pollak on June 9, 2011.

In his "Affidavit and Notice to Court," Mr. La Scalia represented that, as of May 31, 2011, Plaintiffs were unaware of "orders . . . issued by the United States District Court, Eastern District of New York on or about May 2, 2010 [*sic*] or thereafter," and had "[n]ever received copies of a 'Motion to Dismiss' in [their] lawful names, and at [their] lawful addresses, from the defendant . . . because [defendant] failed to effectuate proper lawful delivered service upon the Plaintiffs." *Id.* at ¶¶ 1 and 2. Mr. La Scalia further represented that defendant had "not allowed [Plaintiffs] to receive or even view, through a lawful posting on the PACER electronic service, the contents of a supposed motion to dismiss," *id.* at ¶ 9, and that Plaintiffs were "unable to address and assemble written argument against the specific claims as spelled out in a text of a motion we have been unable to access . . . . *Id.* at ¶ 11.

This Court does not credit these representations. First, according to Fed Ex's website, the envelope containing the May 2 M&O was delivered to the front door of Ms. La Scalia's Massapequa Park address on May 3, 2011. Furthermore, although Mr. La Scalia was discharged from the Nassau County Jail before he received the correspondence from this Court, his affidavit dated May 31, 2011, specifically alludes to "references" made in the May 2 M&O. *See* Mr. La Scalia's Affidavit and Notice to Court at ¶ 31 ("all references [the Court] makes in its May 2, 2011, Memorandum and Order create an irreversible disdain and prejudice . . . ."). Mr. La Scalia must have seen the May 2 M&O by the time he called chambers, since he was aware of the May 30, 2011, deadline for responsive papers imposed by the May 2 M&O and the fact that this Court had mailed a copy of the May 2 M&O to him at the Nassau County Jail. For these reasons, this Court is satisfied that Plaintiffs have, in fact, received a copy of the May 2 M&O.

Second, defendant's motion papers were uploaded onto ECF on May 3, 2011. Although *pro se* litigants do not have access to ECF, public terminals at which such documents can be viewed free of charge and downloaded for a small fee are available in the Clerk's Office of the Brooklyn and Central Islip courthouses.[2] In addition, copies of the motion papers were available at the New York State Attorney General's Office in Suffolk County. *See* May 2 M&O at 5. Accordingly, the Court is confident that Plaintiffs, whose correspondence suggests that they are intelligent and articulate, could access defendant's motion papers if they wished to.

Neither the Court nor defendant is responsible for Plaintiffs' failure to file responsive papers. Rather, it appears that Plaintiffs have deliberately chosen not to access the motion papers or to respond to defendant's motion. They have thwarted service, either by refusing to accept copies of the motion papers or by failing to provide addresses to which mail can be sent. Moreover, their failure to respond is not due to lack of ability, for Mr. La Scalia has filed more than 20 pages of highly articulate, but non-responsive, submissions since May 31, 2011. Although this Court is aware that Plaintiffs are proceeding *pro se*, a *sua sponte* order directing defendant to serve Plaintiffs with yet another copy of his motion papers, further extending Plaintiffs' time to answer the motion, or convening a conference would be futile under these circumstances.

## *CONCLUSION*

For the reasons set forth above, this Court will deem defendant's motion to dismiss to be fully briefed. However, this Court will consider Plaintiffs' response(s) to the motion to dismiss

---

[2]If Plaintiffs had any difficulty in downloading the motion papers, they could ask at the Clerk's Office for the assistance of the *pro se* clerk.

if the response is received by this Court before this Court renders a decision on the motion to dismiss and, in any event, no later than June 30, 2011.

**SO ORDERED.**

Dated: June 14, 2011
Brooklyn, New York

/ SANDRA L. TOWNES
United States District Judge